UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY, et al.,<br><br>Defendant(s). | Case No. 2:20-CV-2268 JCM (VCF)<br><br>ORDER |

Presently before the court are defendants Fidelity National Title Group, Inc., Chicago Title Insurance Company, and United Title of Nevada, Inc.'s (collectively, "defendants") motion to stay this case. (ECF No. 46).

I. **BACKGROUND**

This is a yet another breach of contract and insurance bad faith case arising from a denial of Deutsche Bank's title insurance claim. (ECF No. 9 at 2; ECF No. 46 at 3–4). Deutsche Bank is the beneficiary of a deed of trust encumbering real property in a Nevada HOA. (ECF No. 9 at 3). It alleges that "[a]s part of the loan origination, [defendants] United Title Nevada and Chicago Title entered into a contractual relationship with Deutsche Bank's predecessor to insure the Deed of Trust in superior position to competing liens, including the HOA's lien." (*Id.*). The HOA eventually foreclosed on its lien in May 2014 and Deutsche Bank was left to defend against quiet title claims. (*Id.* at 4). There are multiple pending motions: a motion to remand and for attorney's fees and costs (ECF Nos. 9, 10); three pending motions to dismiss (ECF Nos. 32, 33, 34); and a motion to stay the briefing on the motions to dismiss pending resolution of the remand (ECF No. 38).

Defendants now move to stay this case until the Ninth Circuit resolves the potentially case-dispositive appeal in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332, Case No. 3:19-cv-00241-MMD-WGC (hereinafter the "*Wells Fargo II* appeal"). According to defendants, there are about 100 of these virtually identical title insurance cases in this district and the "overwhelming majority" have been stayed via stipulation. (*Id.* at 6–7).

## II.   LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The court can enter stays "pending resolution of independent proceedings which bear upon the case." *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The decision is committed to the "sound discretion of the court. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In deciding whether to grant a stay, courts consider (1) " 'the possible damage which may result' " from granting the stay, (2) " 'the hardship or inequity which a party may suffer in being required to go forward,' " and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268).

## III.   DISCUSSION

The *Lockyer* factors point toward what should be a reasonably brief stay.[1] The only potential damage from a stay is that the parties will have to wait longer for a resolution. *Accord Nationstar Mortg. LLC v. Westcor Land Title Ins. Co.*, No. 2:20-cv-00972-JAD-EJY, 2020 WL 7082694, at *2 (D. Nev. Dec. 3, 2020) ("Though [the plaintiff-lender] argues that further passage of time may hinder its ability to obtain discovery in this case, I do not find

---

[1] The court notes that briefing in the *Wells Fargo II* appeal was completed in December 2020 and oral argument is being considered so the stay in this case should be reasonably short. *See Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332.

this argument persuasive."). But as defendants point out, this case has not been litigated with any urgency. (ECF No. 46 at 6). Deutsche Bank has asked for two and a half months of extra time to oppose defendants' motions to dismiss. (*Id.*). Even though this case turns on a title insurance policy issued in July 2003, an HOA foreclosure sale consummated in May 2014, and a claim denied in December 2016, Deutsche Bank waited until December 2020 to file this case. (Compl., ECF No. 1-1 ¶¶ 86–99).

The significant overlap between this case and the *Wells Fargo II* appeal means that a stay will reduce potential hardship for both sides and promote the orderly course of justice. These cases involve identical form title policies and endorsements and similar legal theories and claims. If the Ninth Circuit agrees with Chief Judge Du that the policy does not give rise to the claims asserted by national lenders like Deutsche Bank, there would be no need for costly discovery here. *See generally Wells Fargo Bank, N.A. v. Fid. Nat'l Ins. Co.*, No. 3:19-cv-00241-MMD-WGC, 2019 WL 5578487 (D. Nev. Oct. 29, 2019). Or as defendants put it: "Because it is obvious that one party or the other will try to argue that the *Wells Fargo II* appellate decision will ultimately control the disposition of this case, there is no good reason to incur fees and costs on discovery and motion practice that will necessarily need to be supplemented after the Ninth Circuit speaks." (ECF No. 46 at 6). For these reasons, the court orders that this case is stayed pending the *Wells Fargo II* appeal.

IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to stay this case (ECF No. 46) be, and the same hereby is, GRANTED. This case is STAYED for all purposes pending the issuance of the mandate in the *Wells Fargo II* appeal.

IT IS FURTHER ORDERED that all pending motions (ECF Nos. 9, 10, 32, 33, 34, 38) are DENIED without prejudice to the parties' ability to refile them after the stay is lifted. The parties must move to lift the stay, reopen this case, and refile any motions within 30 days of the issuance of the mandate in the *Well Fargo II* appeal.

. . .

James C. Mahan
U.S. District Judge

- 3 -

1     The clerk shall ADMINISTRATIVELY CLOSE this case.

2     DATED June 2, 2021.

                                            /s/ James C. Mahan
                                            UNITED STATES DISTRICT JUDGE