UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, <br><br> Plaintiff(s), <br><br> v. <br><br> FIDELITY NATIONAL TITLE INSURANCE COMPANY, et al., <br><br> Defendant(s). | Case No. 2:20-CV-2268 JCM (VCF) <br><br> ORDER |

Presently before the court is plaintiff Deutsche Bank Trust Company as Trustee for the Certificateholders of the Morgan Stanley ABS Capital I Inc. Trust 2003-NC10's ("Deutsche Bank") renewed[1] motion to remand (ECF No. 49). Removing defendant Chicago Title Insurance Company ("Chicago Title") responded in opposition (ECF No. 59),[2] to which Deutsche Bank replied (ECF No. 61). Chicago Title also requests that the court take judicial notice of certain records from the Nevada Secretary of State.[3] (ECF Nos. 30; 31; 60).

. . .

---

[1] Deutsche Bank filed its first motion to remand on January 14, 2021 (ECF No. 9), but the court denied this motion without prejudice when it granted defendants' motion to stay on June 2, 2021, with leave to refile within 30 days of the issuance of the mandate in the *Wells Fargo II* Ninth Circuit appeal. (ECF No. 47). The mandate in the *Wells Fargo II* appeal issued on November 29, 2021, and Deutsche Bank timely filed its renewed motion to remand on December 29, 2021. (ECF No. 49). The court formally lifted the stay on this case on March 21, 2022 (ECF No. 62).

[2] Chicago Title also included opposition to a motion for fees, but there is currently no motion for fees pending.

[3] Chicago Title's request is GRANTED. The court takes judicial notice of the offered records as matters of public record.

**James C. Mahan**
**U.S. District Judge**

## I. BACKGROUND

This is a breach of contract and insurance bad faith case arising from a denial of Deutsche Bank's title insurance claim. (ECF No. 49 at 2). Deutsche Bank is the beneficiary of a deed of trust encumbering real property in a Nevada HOA. (*Id.* at 4). It alleges that "as part of the loan origination [in 2003], [defendants] Chicago Title and United Title of Nevada entered into a contractual relationship with [Deutsche Bank's predecessor-in-interest]…to insure that the [d]eed of [t]rust was superior to competing liens, including the HOA's lien." (ECF No. 1-1 at 13). The HOA eventually foreclosed on its lien in May 2014 and Deutsche Bank was left to defend against quiet title claims. (ECF No. 49 at 4).

Deutsche Bank filed the instant suit in Nevada state court on December 15, 2020. (*Id.* at 4). Chicago Title removed the case to this court on the very same day before any defendant was served. (*Id.*; *see also* ECF No. 1 at 3). Deutsche Bank now moves for remand, arguing that Chicago Title's so-called "snap removal" is procedurally improper, and that forum defendant United Title of Nevada, Inc. ("United Title of Nevada") was not fraudulently joined. (ECF No. 49).

## II. LEGAL STANDARD

A defendant can remove any civil action over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). Yet federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). That is why there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

A plaintiff can challenge removal with a motion to remand. 28 U.S.C. § 1447(c). To avoid remand, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The court will resolve all ambiguities in favor of remand. *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992); *Hunter*, 582 F.3d at 1042.

But even if the diversity jurisdiction requirements are met, a diversity case nonetheless cannot be removed if "**any** of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). This is the forum defendant rule, a waivable procedural rule yet still one of the "more substantive removal defects." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936 (9th Cir. 2006).

### III. DISCUSSION

#### A. United Title of Nevada is not a Fraudulently Joined Defendant

The court disregards fraudulently joined defendants when determining if there is complete diversity. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A joinder is fraudulent if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). If there is even a *possibility* that a Nevada state court could find that the complaint states a claim for relief against the allegedly fraudulently joined defendant, the court must remand the case. *Hunter*, 582 F.3d at 1044–46. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Both Deutsche Bank and Chicago Title agree that United Title of Nevada is a Nevada corporation. (ECF Nos. 49; 51 at 2). But Chicago Title argues that United Title of Nevada is fraudulently joined to defeat removal because the entity presently known as United Title of Nevada was incorporated in 2004—*after* the 2003 real estate transaction from which Deutsche Bank's claims arise. (ECF 59 at 2). Chicago Title does not deny that a "United Title of Nevada" was involved in the 2003 transaction, but simply states that it is not the same entity as the present-day United Title of Nevada. (*Id.*; s*ee also* Nevada Secretary of State Records in ECF Nos. 30, 31, and 60).

The confusion stems primarily from a Nevada law that does not preclude newly incorporated businesses from using the same name as previously registered—but since-

defunct—corporations. (*See* NRS 78.039(3)). Thus, Chicago Title asserts that the original United Title of Nevada merged out of existence in 2004[4] and Deutsche Bank "simply named the wrong defendant." (ECF No. 59 at 3). Chicago Title further claims that Deutsche Bank could have voluntarily dismissed the improperly named United Title of Nevada defendant but "presumably" did not do so because naming the incorrect United Title of Nevada entity "is the linchpin to Deutsche Bank's remand motion." (*Id.*). The court disagrees.

Nowhere in Chicago Title's papers does it rebut the contention that an entity named United Title of Nevada was involved in the relevant real estate transaction. Instead, it is purposely coy about the original United Title of Nevada's role in the transaction and its relationship—if any—to Chicago Title.[5] In the court's view, this potential nomenclature mishap[6] is a red herring.[7]

Deutsche Bank's initial complaint included loan documents with United Title of Nevada all over them. (ECF No. 1-1). This included: United Title of Nevada listed as the trustee of the original deed of trust (*Id.* Ex. 8); United Title of Nevada identified in the closing instructions as both the title company and escrow company (*Id.* at 6); a preliminary title report issued by United Title of Nevada on its own letterhead stating that "United Title of Nevada hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a California Land Title Association Standard Coverage form of title insurance…" (*Id.* Ex. 10); and United Title of Nevada as the title company on the HUD-1 settlement statement (*Id.* Ex. 11).

---

[4] Nevada state records show that United Title of Nevada changed its corporate name to Chicago Title Agency of Nevada, Inc. (ECF No. 31-1 at 2). Deutsche Bank avers that "it has no documentation showing that Chicago Nevada has assumed the liability for United Title of Nevada upon the merger." (ECF No. 61 at 8).

[5] Chicago Title neither disclaims nor affirmatively claims a connection to the original United Title of Nevada entity listed in the loan documents.

[6] Which could have been resolved in the first instance in state court without wasting federal judiciary resources.

[7] Chicago Title appears to be hinging its fraudulent joinder argument on a technical argument about nomenclature that, by all appearances, seems to be pretext for removing this case to federal court.

**James C. Mahan**
**U.S. District Judge**

Further, Deutsche Bank contends that even if United Title of Nevada is a "totally separate entity" "with no liability for the representations in the insurance policy" it would still be able to assert claims under the Nevada Deceptive Trade Practices Act, alter ego liability, or other agent liability. (ECF No. 49 at 14–15).

"In assessing whether a defendant was fraudulently joined, the court need not look extensively at the merits of the claims." *Milligan v. Wal-Mart Stores, Inc.*, No. 2:14-cv-1739 JCM-CWH, 2014 WL 7240162, at *3 (D. Nev. Dec. 18, 2014) (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1045 (9th Cir. 2009). And "[w]hile [a] plaintiff may not ultimately recover against [a defendant], this does not mean that [the defendant] was fraudulently joined." (*Id.*).

All in all, while Deutsche Bank may not ultimately recover from United Title of Nevada, there is a *possibility* that a Nevada state court could find that the complaint states a cause of action against United Title of Nevada. In other words, Chicago Title has not met its heavy burden to show by clear and convincing evidence that United Title of Nevada is fraudulently joined.

**B**. **Chicago Title's Snap Removal was Improper under 28 U.S.C. § 1441(b)(2)**

Because United Title of Nevada is a properly joined forum defendant, the forum defendant rule in section 1441(b)(2) applies. The court must now consider if Chicago Title's snap removal was proper.

Snap removal is the tactic of removing a diversity case before a forum defendant has been served. The Second, Third, Fifth, and Sixth circuits endorse the tactic[8] but the Ninth has not squarely addressed it. Snap removal is performed against the backdrop of the forum defendant rule, which "is a procedural, or non-jurisdictional, rule." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936. Unlike jurisdictional rules, procedural rules may not be addressed *sua sponte* by the court. *Skranak v. Castenada*, 425 F.3d 1213, 1216 (9th Cir.

---

[8] *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 701 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020); and *McCall v. Scott*, 239 F.3d 808 (6th Cir. 2001).

James C. Mahan
U.S. District Judge

- 5 -

2005). The forum defendant rule's characterization as a procedural, rather than jurisdictional, rule has led to this new form of jurisdictional gamesmanship in litigation.[9]

Chicago Title relies on circuit cases outside the Ninth Circuit for its position, *see supra* n.6, and leans heavily on Judge Navarro's position in this district allowing snap removal under a "plain reading" of 1441(b)(2), *MetLife Home Loans, LLC v. Fid. Nat'l Title Grp., Inc.*, Case No. 2:20-cv-017980GMN-VCF, 2021 WL 4096540 at *4 (D. Nev. Sept. 8, 2021). Deutsche Bank contends that the Ninth Circuit has "explicitly rejected the argument that 1441(b)…expanded removal jurisdiction to permit removal, despite want of diversity, if a resident defendant whose presence would defeat diversity had not been served." *Preseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 79 (9th Cir. 1979) (citing *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 n.1 (9th Cir. 1969).[10]

This is not the court's first say on snap removal. The court adopts its prior reasoning from *Deutsche Bank*, *Wells Fargo Bank*, and *Carrington*.[11] *See Deutsche Bank,* 2020 WL 7360680, *Wells Fargo Bank*, 2020 WL 5898779; *Carrington,* 2020 WL 3892786. In short, the word "any" in "any parties in interest properly joined and served" necessarily means "that the [removal] statute assumes **at least one party has been served**." *Carrington*, 2020 WL 3892786, at *3 (emphasis added) (citing *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 316 (D. Mass. 2013)). And snap removal contravenes the removal statute's purpose of preserving a plaintiff's choice of a state court forum when suing a proper forum defendant. *Accord Wells Fargo Bank*, 2020 WL 7388621, at *4 ("The purposes underlying § 1441(b)(2) are better served by disallowing removal before any defendant is served.").

---

[9] The ubiquity of electronic docketing has also contributed to the rise in snap removals. *See, e.g., Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1243 (E.D. Mo. 2012) ("Pre-service removal by means of monitoring the electronic docket smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving." (emphasis added).

[10] *Preseau* did not consider "snap removal" *per se*, but its interpretation of 1441(b) is instructive.

[11] The court's reasoning has been endorsed by Judges Dorsey and Gordon. *HSBC Bank USA, Nat'l Ass'n,* 2020 WL 7625233; *Wells Fargo Bank,* 2020 WL 7388621.

1    Because no defendant had been served prior to Chicago Title's removal, this case
2 must be remanded.
3    The court re-echoes its prior reasoning that "Congress would not have wanted to stop
4 gamesmanship by plaintiffs by allowing gamesmanship by defendants." *Deutsche Bank,*
5 2020 WL 7360680, at *4.  To the extent there is ambiguity here—including uncertainty and
6 unsettled law in the Ninth Circuit—the court resolves the ambiguity in favor of remand.
7 *Gaus*, 980 F.2d at 566; *Hunter* 582 F.3d 1039.

## IV.   CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Deutsche Bank's motion to remand (ECF No. 49) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk shall **REMAND this case back to the Eighth Judicial District Court for Clark County, Nevada, Case No. A-20-826490-C,** and CLOSE this case.

DATED April 15, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -